**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

    Plaintiff,

vs.                                                                            Case No. 3:11-cv-1040-J-37TEM

THE CEDAR BEND CLUB, INC.,

    Defendant.

## ORDER

This cause is before the Court on the following:

1) Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. No. 17), filed on February 23, 2012;

2) Plaintiff's Response to Defendant's Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. No. 18), filed on March 7, 2012;

3) The Report and Recommendation (Doc. No. 21), entered on May 1, 2012;

4) Defendant's Objections to Magistrate Judge's Report and Recommendation (Doc. No. 22), filed on May 16, 2012;

5) Plaintiff's Response to Defendant's Objection to Report and Recommendation (Doc. No. 23), filed on May 21, 2012;

6) Order Denying Motion to Dismiss and Adopting Report and Recommendation (Doc. No. 24), entered on May 23, 2012; and

7) Defendant's Motion for Reconsideration (Doc. No. 26), filed on June

20, 2012.

**BACKGROUND**

On October 21, 2011, Norman Hoewischer ("Plaintiff") filed his initial complaint (Doc. No. 1) against The Cedar Bend Club, Inc. ("Defendant"), seeking injunctive relief and attorney's fees pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA"). On February 9, 2012, Plaintiff filed an amended complaint (Doc. No. 16), which Defendant moved to dismiss on February 23, 2012 (Doc. No. 17). On May 1, 2012, Magistrate Judge Thomas E. Morris issued a Report and Recommendation, recommending the Motion to Dismiss (Doc. No. 17) be denied. (Doc. No. 21.) Defendant filed its Objections on May 16, 2012, fifteen (15) days after service of the Report and Recommendation. (Doc. No. 22.) The Court ultimately adopted the Report and Recommendation, and denied the Motion to Dismiss. (*See* Doc. No. 24.)

**DISCUSSION**

**A.   Motion for Reconsideration**

Defendant filed its Motion for Reconsideration on June 20, 2012, asking the Court to reconsider its May 23, 2012 Order denying the Motion to Dismiss and Adopting the Report and Recommendation. (Doc. No. 26.) Upon consideration, the Court finds that the Motion fails to satisfy any of the grounds available under Federal Rules of Civil Procedure ("Federal Rules" or "Rules") 59(e) or 60(b) to justify the "extraordinary remedy" Defendant requests. *See Lamar Adver. of Mobile, Inc. v. City of Lakeland,* 189 F.R.D. 480, 489 (M.D. Fla. 1999). The Motion for Reconsideration is essentially a recitation of Defendant's Objections to the Report and Recommendation, and fails to show "(1) an intervening change in controlling law; (2) the availability of new evidence; [or] (3) the need to correct

2

clear error or manifest injustice." *Fla. Coll. of Osteopathic Med., Inc.,* 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998).

After a review of the record, however, the Court has determined that good cause exists to reconsider its May 23, 2012 Order. (*See* Doc. No. 24.) Although Defendant fails to raise this issue in its Motion for Reconsideration, the Court has discovered that it inadvertently failed to add three (3) days to the fourteen (14) day deadline for Defendant to file objections to the Report and Recommendation. (*See* Doc. No. 21, p. 1 n.1.) Federal Rule 6(d) states: "When a party may or must act within a specified time after service . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Rule 6(a) describes how to compute a time period "specified in [the Rules], in any local rule, or court order, or in any statute that does not specify a method of computing time."

As described in the May 23, 2012 Order, the Report and Recommendation advised:

Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation. Failure to do so shall bar the party from a *de novo* determination by a district judge of an issue covered herein and from attacking factual findings on appeal. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); and, Local Rule 6.02(a), United States District Court for the Middle District of Florida.

(Doc. No. 24, p. 3 (citing Doc. No. 21, p. 1 n.1 (emphasis in original)).) The Federal Rule, local rule, court order, and statute cited above do not provide a "method of computing time." *See* Fed. R. Civ. P. 6(d). Therefore, Rule 6(d) applies, and Defendant's Objections would be considered timely if they were received on or before May 18, 2012. As previously stated, Defendant filed the Objections on May 15, 2012. On this basis, the Motion for Reconsideration (Doc. No. 26) is due to be granted, and the Court reconsiders the Report and Recommendation in light of Defendant's Objections (Doc. No. 22).

3

### B. Report and Recommendation

After an independent review of the entire record, and a *de novo* review of the parts of the Report and Recommendation to which Defendant properly objected (*see* Doc. No. 22), the Court hereby adopts, confirms, and ratifies the Magistrate Judge's Report and Recommendation (Doc. No. 21) for the reasons stated below. *See* Fed. R. Civ. P. 72(b)(3).

#### 1. Rule 12(b)(1) Challenge to Standing

While framed as a Rule 12(b)(6) motion to dismiss for failure to state a claim, the essence of Defendant's argument is an attack on Plaintiff's standing and thus the Court's subject matter jurisdiction. (Doc. No. 21, p. 5.) As such, the Magistrate Judge construed Defendant's challenge as a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. (*Id*.)

Attacks on subject matter jurisdiction pursuant to Rule 12(b)(1) may be facial or factual. *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys. Inc*., 524 F.3d 1229, 1232 (11th Cir. 2008). On a facial attack, the Court accepts the complaint's allegations as true and decides only whether the plaintiff sufficiently alleges a basis for subject matter jurisdiction. *Id*. Defendant's attack on jurisdiction is a facial, not a factual, attack. (Doc. No. 21, p. 5.)

To establish standing under Title III of the ADA, a plaintiff must allege: (1) an injury in fact; (2) a causal connection between the injury and Defendant's alleged conduct; (3) that the injury will likely be redressed by a favorable ruling; and (4) that he will suffer future disability discrimination by the defendant. *Shotz v. Cates*, 256 F.3d 1077, 1081 (11th Cir. 2001) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)); *Miller v. King*,

4

384 F.3d 1248, 1263 n.14 (11th Cir. 2004). Looking at only the Complaint and accepting the facts alleged therein as true, the Magistrate Judge found that Plaintiff properly alleged these required elements. (Doc. No. 21, p. 11.)

Defendant argues that the Magistrate Judge should have looked beyond the four corners of the Complaint and considered the fact that Plaintiff has filed over 100 lawsuits in this District. (Doc. No. 26, p. 4.) Defendant asserts that the fourth element of standing is not met because "it would be difficult at best for Plaintiff to find the time to return to all of the places of public accommodation that he has sued." (Doc. No. 26, p. 2-3.) Making such a finding would necessarily require the Court to weigh the credibility of Plaintiff's Complaint, instead of merely taking the facts in it as true. This is a clear departure from the legal standard requiring the court "merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction . . . ." *Stalley* at 1233 (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). Moreover, the Magistrate Judge found that even considering Plaintiff's other lawsuits, it is not implausible that Plaintiff has in fact visited, and intends to return to, numerous businesses in his area.[1] (Doc. No. 21, p. 11.) Therefore, without making any determination as to the credibility of the pleadings, the Court finds that the Magistrate Judge applied the legal standard correctly.

### 2. Consistency with Other Decisions

Defendant also argues that the Report and Recommendation (Doc. No. 21) is inconsistent with other orders from the Middle District of Florida. (Doc. No. 26, p. 4.) In support of this proposition, Defendant cites three cases, each of which the Court finds to

---

[1] Plaintiff lives 13.4 miles from Defendant's establishment. (*See* Doc. No. 17, p. 11.)

be distinguishable on the facts.

First, whereas the plaintiff in *Duldulao v. La Creperia Cafe, Inc.*, No. 8:11-CV-1413-T-23TBM, 2011 WL 6840585, at *3 (M.D. Fla. Dec. 29, 2011), pleaded the existence of barriers entirely unrelated to his disability, Plaintiff in the instant case pleads only barriers related to his use of a wheelchair. (Doc. No. 16, p. 4). The instant case is also distinguishable from *de Palo v. Countryside Station Ltd. Liab. Co.*, 6:12-CV-204-ORL-31, 2012 WL 1231968, at *2 (M.D. Fla. Apr. 12, 2012), in which the complaint was one of sixteen identical complaints, each alleging identical barriers to access, filed in separate lawsuits. The allegations of the complaint were also "so vague that none of the alleged violations could be traced to the actions" of the named defendant. *Id.* at *3. While Plaintiff in the instant case has filed many lawsuits, reviewing the five cited by Defendant shows that none of his complaints alleges identical barriers. It is also clear in this case that the alleged violations can be traced to Defendant. Finally, in contrast to *Tampa Bay Am. with Disabilities Ass'n, Inc. v. Nancy Markoe Gallery, Inc.*, No. 806-CV-318T-27MAP, 2007 WL 2066379, at *2 (M.D. Fla. May 3, 2007), in which the plaintiff pleaded only vague "some day intentions" to return, *Lujan*, 504 U.S. at 564 (internal quotation marks omitted), Plaintiff in the instant case pleads concrete plans to return within one month (Doc. No. 16, ¶ 5). Since each of the cases Defendant cites is distinguishable on the facts, the Court finds no inconsistency between this Order (Doc. No. 24) and other decisions in the Middle District.

### 3. Remaining Objections

The Court is not persuaded by Defendant's remaining Objections (*e.g.*, "Plaintiff continues to fail to sufficiently plead a disability"), some of which are better left for

resolution at the summary judgment stage.

## CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED:**

1) Defendant's Motion for Reconsideration (Doc. No. 26) is hereby **GRANTED** for the reasons stated herein.

2) The Court **VACATES** its May 23, 2012 Order Denying the Motion to Dismiss and Adopting the Report and Recommendation. (Doc. No. 24.)

3) For the reasons stated in this Order, Magistrate Judge Thomas E. Morris's Report and Recommendation (Doc. No. 21) is **ADOPTED** as the opinion of the Court.

4) The Motion to Dismiss Amended Complaint and Incorporated Memorandum of Law (Doc. No. 17) is **DENIED**.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on June 27, 2012.

ROY B. DALTON, JR.
United States District Judge

Copies:
Counsel of Record

7