**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

NORMAN HOEWISCHER,

        Plaintiff,

vs.                                          Case No. 3:11-cv-1040-J-37TEM

THE CEDAR BEND CLUB, INC.,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Plaintiff's Motion for Summary Judgment (Doc. 39), filed December 27, 2012;

2. Supplement to Plaintiff's Motion for Summary Judgment (Doc. 40), filed December 28, 2012; and

3. Defendant's Response to Motion for Summary Judgment (Doc. 43), filed January 15, 2013.

Upon consideration, the Court hereby denies Plaintiff's motion and dismisses this case, for the reasons set forth below.

## BACKGROUND

Plaintiff is a disabled individual who uses a wheelchair. (Doc. 16, ¶ 1.) He is also a "tester," that is, a serial litigant, who has filed more than 150 Americans with Disabilities Act (ADA) suits in this District. *See, e.g.*, *Hoewischer v. Sailormen, Inc.*, No. 3:10-cv-752-J-37MCR (M.D. Fla. July 11, 2012), Doc. 44, p. 8.

On September 23, 2011, Plaintiff visited a restaurant owned by Defendant.

(Doc. 16, ¶ 5.) He alleges that he discovered architectural barriers at the restaurant which discriminated against him on the basis of his disability. (*Id.*)

Plaintiff brought this suit against Defendant on October 21, 2011. (Doc. 1.) Defendant's previous motion to dismiss the Amended Complaint was denied. (Doc. 27.) Plaintiff moved for summary judgment on December 27, 2012. (Doc. 39.) Defendant opposed. (Doc. 43.) This matter is now ripe for the Court's adjudication.

## STANDARDS

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Which facts are material depends on the underlying substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must view the evidence and all reasonable inferences drawn from the evidence in the light most favorable to the non-movant. *Battle v. Bd. of Regents*, 468 F.3d 755, 759 (11th Cir. 2006).

Title III of the ADA provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). Discrimination includes the "failure to remove architectural barriers [to access] . . . where such removal is readily achievable." *Id.* § 12182(b)(2)(A)(iv).

On a motion for summary judgment in an ADA case, Plaintiff bears the initial burden of production to demonstrate that an architectural barrier exists and that removal is readily achievable. *Gathright-Dietrich v. Atlanta Landmarks, Inc.*, 452 F.3d 1269, 1273 (11th Cir. 2006). If Plaintiff satisfies this initial burden, then Defendant takes on the

ultimate burden of persuasion and may rebut Plaintiff's showing by establishing that removal "could not be accomplished without much difficulty or expense." *Id.* at 1275.

## DISCUSSION

In response to Plaintiff's motion, Defendant argues that Plaintiff has neither: (1) demonstrated that he has standing to bring this suit; nor (2) met his initial burden of showing that removal of the barriers is readily achievable. (Doc. 43, pp. 5–11.) The Court finds that Plaintiff has not sufficiently established standing and thus need not consider the summary judgment motion on its merits.

To demonstrate standing, Plaintiff must show a "real and immediate threat of future discrimination." *Shotz v. Cates*, 256 F.3d 1077, 1082 (11th Cir. 2001). On summary judgment, Plaintiff cannot rest on mere allegations of a threat, but must instead set forth specific facts supporting those allegations. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The threat of future injury must be credible. *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1374 (M.D. Fla. 2004) (Conway, C.J.). At the summary judgment stage, the Court may take into account Plaintiff's status as a serial litigant in determining whether his professed intent to return to the facility—and thus the alleged threat of future injury—is credible. *Id.*

At the motion to dismiss stage of the instant suit, the Court determined on the basis of the record at that time that Plaintiff had adequately alleged standing. (Doc. 21, p. 11; *see also* Doc. 27, p. 5 (ratifying the Magistrate Judge's determination that standing was sufficiently alleged when looking only at the four corners of the Amended Complaint).) However, the Court noted that an inquiry into the credibility of Plaintiff's standing allegations would be more appropriate at the summary judgment stage. (Doc. 21, pp. 10–11; Doc. 27, p. 5.)

On the present record, the Court cannot find that Plaintiff has credibly demonstrated a real threat of future discrimination. Though Plaintiff "regularly travel[s] throughout Northeast Florida" (Doc. 39-3, ¶ 2), his serial litigant status and the uncertain nature of his plans to return to Defendant's restaurant in the future weigh heavily against a finding of standing. Though the Amended Complaint generically alleges that Plaintiff intends to return to the facility within one month of the barriers' removal (Doc. 16, ¶ 5), this allegation is severely undercut by Plaintiff's sworn statement in support of his summary judgment motion that he will "return to the *store* as soon as it is made compliant to *shop and get gas* . . . ." (Doc. 39-3, p. 2 (emphasis added).) This statement is nonsensical in the context of the instant suit against a restaurant.

Further, the Amended Complaint alleges that Plaintiff did not use the restaurant's restroom during his visit (Doc. 16, ¶ 10), yet he inexplicably states in support of this motion that he "encountered numerous barriers" in the restroom, such as noncompliant maneuvering space, lavatories, and so on (Doc. 39-2, ¶ 4). In another discrepancy, Plaintiff at one point refers to the facility as a "fast food establishment," (Doc. 39-2, ¶ 7), whereas it is actually a fine-dining restaurant and banquet hall (*see* Doc. 43, ¶ 11; Doc. 43-1, ¶¶ 6–10). Therefore, Plaintiff's lack of familiarity with the specifics of Defendant's premises from his single, fleeting visit,[1] coupled with the fact that he has also sworn to revisit dozens and dozens of other facilities in the immediate future, makes Plaintiff's professed intent to return to the restaurant utterly implausible. *See Brother*, 331 F. Supp. 2d at 1375; *see also Rodriguez v. Investco, LLC*, 305 F. Supp. 2d

---

[1] Defendant states that it has remedied certain alleged deficiencies in the year since Plaintiff has seen the restaurant, such as more clearly marking the accessible restroom, adding more accessible parking spots, and clearing access areas. (Doc. 43, pp. 7–8.)

1278, 1285 (M.D. Fla. 2004) (Presnell, J.) (finding that a serial litigant plaintiff was "lacking credibility," "disingenuous," and did not "convey any honest desire to return" to the facility).

Accordingly, Plaintiff has not sufficiently established standing to bring this suit. The Court consequently finds that Plaintiff has not adequately demonstrated the existence of subject-matter jurisdiction. *See Lujan*, 504 U.S. at 560. Thus, the Court must dismiss this action *sua sponte* for want of jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

It hardly needs to be repeated that suits like these "undermine[] both the spirit and the purpose of the ADA." *Brother*, 331 F. Supp. 2d at 1375; *see also Lamb v. Charlotte Cnty.*, 429 F. Supp. 2d 1302, 1310 (M.D. Fla. 2006) (collecting cases). Yet, this Court feels compelled to note once more that this "cottage industry" has turned the noble mission of the ADA into "an ongoing scheme to bilk attorney's fees" which continues to "cr[y] out for a legislative solution." *Rodriguez*, 305 F. Supp. 2d at 1280; *Brother*, 331 F. Supp. 2d at 1375. This takes precious judicial resources away from the consideration of those cases in which plaintiffs with actual, concrete injuries lack meaningful access to their schools, jobs, and other local facilities.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Plaintiff's Amended Complaint (Doc. 16) is **DISMISSED** for want of subject-matter jurisdiction.
2. Plaintiff's Motion for Summary Judgment (Doc. 39) is **DENIED AS MOOT**.
3. The Clerk is **DIRECTED** to close this case.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida, on March 13, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record